WILLIAM A. GEORGE *vs.* COMMONWEALTH. December 30, 1964. Exceptions overruled. A witness with extensive experience since 1931 as owner, manager, broker, developer and appraiser of real estate of all kinds throughout the Commonwealth is not disqualified, as matter of law, from testifying to the value of a parcel of land in Avon, part of which was taken in 1955 for the construction of the Southeast Expressway, by reason of the fact that he had never bought, sold or appraised property in that town and had not viewed the locus until shortly before the trial in 1963. *Muzi* v. *Commonwealth,* 335 Mass. 101, 105–106.

*Nathan Richman* for the petitioner.

*Richard A. Hunt,* Assistant Attorney General, for the Commonwealth.

ABLE BUILDING SUPPLY CO. *vs.* BEGGS & COBB TANNING CO., INC. December 31, 1964. Exceptions overruled. A jury found for the defendant on both counts of this action of contract and tort. The plaintiff had entered into two contracts providing for demolition of the defendant's buildings, all the materials of which were to become property of the plaintiff. Prior to its demolition a fire destroyed one of the buildings in which all utilities had been disconnected, making its sprinkler system inoperative. The plaintiff excepted to the refusal of the trial judge to charge the jury that violation of G. L. c. 148, § 27A, was evidence of negligence. The statute requires a written permit from the "head of the fire department" prior to the shutting off of a sprinkler system in a building. No permit was obtained in this instance although there was evidence that the fire chief of Winchester, where the building was located, was thoroughly aware of the progress of the demolition and was regularly on the premises. There was no error. General Laws c. 143, § 3, provides for regulation of building demolition in cities and towns. General Laws c. 148, § 27A, is to be construed as inapplicable to buildings in the process of demolition. It was not applicable in these circumstances.

*Avram G. Hammer* for the plaintiff.

*Joseph J. Hurley* for the defendant.